NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHANNON PASTER MCGUIRE, | Civ. No. 16-1566 (KM) |
| Plaintiff, | MEMORANDUM OPINION and ORDER |
| v. |  |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, |  |
| Defendant. |  |

## MCNULTY, U.S.D.J.:

The plaintiff, Shannon Paster McGuire, has filed an Amended Complaint (ECF no. 9, referred to herein as the Complaint), claiming that the defendant, Hartford Life and Accident Insurance Company, wrongfully terminated her long term disability insurance benefits after paying them for some five years. This matter comes before the court on Hartford' motion (ECF no. 15) to dismiss Count 2 of this ERISA Complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the motion will be denied.

Count 1 of the Complaint asserts a claim under ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). It alleges that Hartford's decision terminating benefits was arbitrary and capricious, was not based on substantial evidence, was reached without full and fair review, and was infected by a conflict of interest. Count 1 demands a declaration of disability and payment of long term disability benefits.

Count 2 of the Complaint asserts a breach of fiduciary duty under ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B). It alleges that Hartford failed to

1

properly investigate the claim, failed to give proper consideration to the evidence, disregarded the opinion of McGuire's treating physicians, and failed to consider the award of Social Security Disability benefits. Count 2 demands "all equitable 'make whole' relief."[1]

Hartford essentially seeks dismissal of Count 2 because it is duplicative of Count 1. There is case law, having its origin in See *Varity Corp. v. Howe*, 516 U.S. 489, 507-15, 116 S. Ct. 1065 (1986), which disallows redundant claims under §§ 502(a)(1)(B) and 502(a)(3). It is true that these two statutory sections reflect a law/equity distinction, and that the purely legal remedy of damages is not available under § 502(a)(3). See *id.*; *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S. Ct. 708 (2002) (damages at law unavailable under § 502(a)(3)). In positioning the case for trial, the Court will surely eliminate redundant claims. In doing so, it will require a demonstration of how the relief demanded under Count 2 differs, if at all, from that under Count 1.

Now, however, we are at the pleading stage. The Complaint pleads that it seeks damages under Count 1, and equitable "make whole" remedies under Count 2. Count 2 is explicitly pled "[i]n the alternative," which is generally

---

[1] ERISA section 502(a), 29 U.S.C. § 1132(a), which encompasses the subsections cited in Counts 1 and 2, , reads as follows:

**(a) Persons empowered to bring a civil action.** A civil action may be brought—

(1) by a participant or beneficiary—

. . .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

. . .

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

permissible under the Federal Rules. *See* Fed. R. Civ. P. 8(d). For now, that is enough; I will not force a premature election. Once discovery is complete, it may turn out that Count 1 is viable, that Count 2 is viable, that both are, or that neither is. The Court is reluctant to dismiss a count as redundant, only to face a later contention that the remaining count must be dismissed for some other reason. Claims of redundancy, if not moot, may best be handled on a full record. *See Shah v. Horizon Blue Cross Blue Shield,* Civ. No. 15-8590, 2016 WL 4499551 at *10 (D.N.J. Aug. 25, 2016) (finding dismissal premature, and holding that *Varity* does not create a rule precluding the assertion of alternative claims or requiring dismissal at the Rule 12(b)(6) stage of duplicative claims under ERISA §§ 502(a)(1)(B) and 502(a)(3)).

Hartford's motion to dismiss Count 2 is therefore denied, but without prejudice to renewal of its contentions in the context of summary judgment.

## ORDER

Accordingly, IT IS this 21st day of February, 2017

ORDERED that the motion of Hartford (ECF no. 15) to dismiss the Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), is DENIED; and it is further

ORDERED that defendant shall answer the Amended Complaint within 21 days.

_____
HON. KEVIN MCNULTY, U.S.D.J.